UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAMON TYSHEEN BORNER,

    Plaintiff,

v.                                                     Case No. 3:23cv17918-MCR-HTC

CHIP W. SIMMONS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Ramon Tysheen Borner, a pretrial detainee proceeding *pro se*, files this suit for defamation and intentional infliction of emotional distress against Escambia County Sheriff Chip W. Simmons and deputies Gregory Joseph and Douglas Shoemaker for stating in an arrest report that they had confirmed with the General Manager of the Lewis Bear Company, Plaintiff's former employer, that Plaintiff was counterfeiting checks that had been made payable to the company.[1] ECF Doc. 1. Upon consideration, the undersigned recommends this action be DISMISSED, *sua sponte*, for lack of subject-matter jurisdiction.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v.*

---

[1] Plaintiff attached the arrest report to the complaint.

*Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). This is because federal courts are courts of limited subject-matter jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkoken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Absent a grant of such jurisdiction, a federal court is "powerless" to consider the merits of a case. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, a court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* If, at any time, the court determines it lacks subject-matter jurisdiction, the court must dismiss the action without prejudice. Fed. R. Civ. P. 12(h)(3).

Generally, district courts have subject-matter jurisdiction over only two types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. "A plaintiff properly invokes [federal question] jurisdiction when [ ]he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513. Diversity jurisdiction requires that (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). It is the Plaintiff's burden to establish subject-matter jurisdiction on the face of the complaint. *See* Fed. R. Civ. P. 8(a)(1) (providing that a pleading must contain "a short and plain statement of the

grounds for the court's jurisdiction"). Here, Plaintiff's complaint does not contain allegations sufficient to invoke either the Court's federal question or diversity jurisdiction.

Plaintiff's claims for defamation and infliction of emotional distress clearly arise under state, rather than federal, law. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Garcia v. Miami Beach Police Dep't*, 336 F. App'x 858, 860 (11th Cir. 2009) ("[A]llegations of defamation, on their own, are insufficient to state a federal claim."); *see also Conner v. Sticher*, 801 F.2d 1266, 1269 (11th Cir. 1986) (collecting cases and concluding that "a tort law claim of intentional infliction of emotional distress does not give rise to a constitutional deprivation actionable under section 1983"). The cases Plaintiff relies upon in support of the elements of a defamation claim are inapposite. Both cases, *Redford v. KTBS, LLC*, 135 F. Supp. 3d 549 (W.D. La. 2015) and *Newkirk v. GKN Armstrong Wheel, Inc.*, 168 F. Supp. 3d 1174 (N.D. Iowa 2016), were Title VII cases in which the court exercised supplemental jurisdiction over state law defamation claims.

Plaintiff's reliance on the Fourteenth Amendment is also misplaced. First, simply referring to a constitutional amendment or federal law does not create subject-matter jurisdiction. *See Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) ("a mere allegation . . . that the cause arises under the Constitution or laws of

the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle").

Second, "defamation by the government, standing alone and apart from any other governmental action, does not constitute a deprivation of liberty or property under the Fourteenth Amendment." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1302 (11th Cir. 2001) (citation omitted).  Likewise, "injury to reputation, by itself, does not constitute the deprivation of a liberty or property interest protected under the Fourteenth Amendment." *Rehberg v. Paulk*, 611 F.3d 828, 851 (11th Cir. 2010) Instead, under the "stigma plus" test, Plaintiff must allege a common law defamation claim plus "an additional constitutional injury, tied to a previously recognized constitutional property or liberty interest, flowing from the defamation." *Id.* at 852.  Here, Plaintiff alleges he is "non-rehireable" by the Lewis Bear Company; Plaintiff, however, has no constitutional property or liberty interest in being rehired.  *See e.g., Behrens v. Regier*, 422 F.3d 1255, 1261 (11th Cir. 2005) ("If the DCF has only defamed Behrens—without depriving him of any right or status recognized under state law—then his injury does not rise to the level of a constitutional deprivation and his procedural due process claim must fail.").

The complaint is also devoid of facts establishing diversity jurisdiction. Plaintiff is a resident of Florida.  *See Horn v. Est. of Camacho,* 817 F. App'x 872, 875 (11th Cir. 2020) (a prisoner's domicile for citizenship purposes is his place of

Case No. 3:23cv17918-MCR-HTC

residence prior to incarceration). The Defendants are Florida county employees and there is no indication any are residents of a state other than Florida. As the parties are citizens of the same state, there is no diversity between them. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Because Plaintiff has failed to demonstrate the Court has either federal question or diversity jurisdiction, this action is subject to dismissal. *See, e.g., Christman v. Jackson Hewitt, Inc.*, 379 F. App'x 956, 958 (11th Cir. 2010) (affirming the district court's dismissal of plaintiff's action where he only asserted state-law claims and the parties lacked diversity).[2]

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of August, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE**

---

[2] Finally, even if the Court had subject-matter jurisdiction over this action, Plaintiff has failed to state a claim against Defendants as a matter of law because the Defendants enjoy an absolute privilege for statements related to their official duties, such as statements made in an arrest report. *See e.g., Johnston v. Borders*, 724 F. App'x 762, 767–68 (11th Cir. 2018) ("Sheriff Borders enjoys absolute privilege for statements related to his official duties.").

Case No. 3:23cv17918-MCR-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.